IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

BRANDON M. SMITH,

                Debtor(s).

CAITI J. BUNGER, f/k/a CAITI J. SMITH,

                Plaintiff,

vs.

BRANDON M. SMITH,

                Defendant.

CASE NO. BK19-41985-TLS

CHAPTER 7

ADV. NO. A20-4009-TLS

**ORDER**

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 25) and opposition by the defendant (Fil. No. 48). Galen E. Stehlik represents the plaintiff, and the debtor-defendant represents himself. Evidence[1] and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The parties in this adversary proceeding were once married to each other. The decree dissolving their marriage was entered on February 20, 2019, in the District Court of Kearney County, Nebraska. As part of that dissolution, a property judgment was entered whereby Brandon Smith was ordered to pay to Caiti Smith $21,598.00 over five years, plus interest. The terms set an annual payment schedule under which Brandon is to pay $4,700.00 on September 1st each year, beginning in 2019, through 2022. On September 1, 2023, Brandon is to pay the balance remaining, including interest.

Other than child support and child-related expenses, this property division was the only significant provision of the decree of dissolution, as the court did not award alimony to either party. The court further directed each party to pay their own attorneys' fees, finding that neither party had the means to pay the other party's attorneys' fees.

Brandon did not make the September 1, 2019, payment, so Caiti obtained an order of contempt from the state court on November 12, 2019. Brandon was sentenced to 21 days in county jail and ordered to pay Caiti's attorney's fees of $1,287.50 plus interest. The court also gave

---

[1] While a deficiency notice was recently entered directing the defendant to file complete copies of certain exhibits attached to his evidence index, the court notes that the defendant had previously filed the same exhibits in the case\, so the court read and considered those exhibits in reaching this decision.

Brandon an opportunity to purge the contempt by making half of the property payment on December 1, 2019, and half on January 1, 2020.

Brandon filed his Chapter 7 bankruptcy petition on November 29, 2019. Caiti filed a proof of claim on March 19, 2020, for $24,485.50, which represents the property judgment and attorney fee award, plus $1,600 in child support. Caiti filed this adversary proceeding on March 30, 2020, seeking to except the property judgment and attorney fee award under 11 U.S.C. § 523(a)(15). She filed a motion for summary judgment, which is now ready for decision.

Section 523(a) of the Bankruptcy Code excepts certain debts from discharge. Those excepted debts include all marital and domestic relations obligations. A discharge under § 727 "does not discharge an individual debtor from any debt . . . (5) for a domestic support obligation [or] . . . (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record[.]" 11 U.S.C. § 523(a)(5) and (15).

The party challenging the dischargeability of a debt bears the burden of proving the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). While other exceptions to discharge are strictly construed against the objecting creditor, domestic relations exceptions are liberally construed in favor of a former spouse. *Portwood v. Young (In re Portwood)*, 308 B.R. 351, 355 (B.A.P. 8th Cir. 2004).

The exception to dischargeability under § 523(a)(15) can also include the attorneys' fees awarded in the course of the divorce or in connection with the divorce decree or other court order. Even if such fees are payable to the attorneys and not to the spouse, they nevertheless have long been considered to be in the nature of support for purposes of §§ 523(a)(5) and (a)(15). *See Holliday v. Kline (In re Kline),* 65 F.3d 749, 750 (8th Cir. 1995); *Shea v. Shea (In re Shea)*, 221 B.R. 491, 498 (Bankr. D. Minn. 1998) (holding attorney's fees incurred in an attempt to enforce the property settlement non-dischargeable because "[e]very dollar spent on attorney's fees is a dollar not available for the support of Ms. Shea and her children.").

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The movant bears the initial responsibility of informing the court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the non-movant must respond by submitting evidentiary materials that set out specific facts showing the existence of a genuine issue of material fact. *Id.* The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In order to show that disputed facts are material, the party opposing summary

Case 20-04009-TLS   Doc 55   Filed 09/11/20   Entered 09/11/20 15:17:15   Desc Main
                     Document      Page 3 of 4


judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011).

The evidence before the court – specifically, the decree of dissolution, the order of November 12, 2019, finding Brandon in contempt for not making the September 1st payment, and the June 26, 2019, Order Re: Contempt Action Against Plaintiff, to the extent it was referenced in the November 12th order – establishes that the parties' divorce was acrimonious. In the course of ending their marriage, the parties were able to agree on very little. As a result, the District Court of Kearney County determined child custody and support matters and resolved disputed property issues. That court, in equalizing property between the parties, entered a judgment in favor of Caiti against Brandon in the amount of $21,598, to be paid in installments as described above. When Brandon failed to make the initial payment, despite having the ability to make at least a partial payment, Caiti brought that to the attention of the district court, which held him in contempt and imposed a judgment for Caiti's attorney's fees "on the logic that if the party found in contempt would have done what they were ordered to do in the first place, there would not have had to have been a contempt action and consequently, the opposing party would not have incurred attorney's fees." Order Re: Contempt Action Against Plaintiff, at 3 (Ex. C to Aff. of Caiti Bunger (Fil. No. 26)).

This evidence shows that the amounts in question here – the property judgment and the attorney's fees – are debts owed by Brandon to Caiti incurred pursuant to court orders entered in the course of and in connection with the parties' divorce. Accordingly, they are non-dischargeable under § 523(a)(15).

As part of Brandon's answer to the complaint and opposition to the motion for summary judgment, he argues that the district court erred in assigning the value of the marital residence to him, as he did not own the property. In crafting the property judgment, the district court reviewed the ownership history of the property, which involved the purchase of the home by Brandon's company in 2010 and its subsequent transfer to Brandon's mother in 2011 shortly before Brandon and Caiti married. The district court discounted Brandon's argument that the transfer was to settle a debt he allegedly owed to his mother, finding little evidence of legitimate indebtedness. Instead, the court found that the transfer was for the purpose of defrauding the government by decreasing Brandon's assets so he could obtain medical insurance coverage for his health issues. The court found as a matter of equity that the home's value of $45,000 should be attributed to Brandon for purposes of property division.

Brandon's efforts to challenge the property judgment and order of contempt in this court are unavailing. In Nebraska, a judgment on the merits, for purposes of res judicata, is one which is based on legal rights, as distinguished from mere matters of practice, procedure, jurisdiction, or form. *Kerndt v. Ronan*, 458 N.W.2d 466, 469-70 (Neb. 1990). In other words, any right, fact, or matter directly adjudicated on the merits in a previous action by a court acting within its jurisdiction, or necessarily included in the determination in the previous action, is conclusively settled and may not be relitigated by the parties in a subsequent action. *Id.* at 469. The Nebraska Supreme Court has said that "summary judgments, judgments on a directed verdict, judgments after trial, default judgments, and consent judgments are all generally considered to be on the merits for purposes of res judicata." *Young v. Govier & Milone, L.P.*, 835 N.W.2d 684, 696 (Neb.

2013) (citing *DeVaux v. DeVaux*, 514 N.W.2d 640, 646 (Neb. 1994) (superseded by statute on other grounds as stated in *Alisha C. v. Jeremy C.*, 808 N.W.2d 875, 882 (Neb. 2012)))).

Brandon now claims Caiti obtained the property judgment through fraud and false statements in the divorce proceeding. Those arguments would have been appropriate on appeal, but the dissolution decree and contempt order were not appealed and they are now final. To the extent Brandon wants this court to overturn the state district court, to do so would violate the *Rooker-Feldman* doctrine.

> Under *Rooker-Feldman*, federal courts, other than the United States Supreme Court, lack subject matter jurisdiction to hear challenges to determinations made by state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, (2005); *Cawley v. Celeste (In re Athens/Alpha Gas Corp.)*, 715 F.3d 230, 234 (8th Cir. 2013). The doctrine is confined to federal cases brought by state court losers complaining of injuries caused by state court judgments; the state court losers seek review and rejection of those judgments. *Exxon Mobil Corp.*, 544 U.S. at 284.

*Finstad v. Gord (In re Finstad)*, 613 B.R. 180, 184 (B.A.P. 8th Cir. 2020).

The amount of the debt was established by the dissolution decree and contempt order. The role of the bankruptcy court is to determine whether the defendant should be discharged from liability on that debt under the Bankruptcy Code. Here, Caiti has established that the property judgment and the award of attorney's fees fall under § 523(a)(15) and are not dischargeable. Accordingly, her motion will be granted and judgment will be entered in her favor.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 25) is granted. Separate judgment will be entered.

DATED: September 11, 2020

BY THE COURT:

/s/Thomas L. Saladino
Chief Bankruptcy Judge

Notice given by the Court to:
  *Galen E. Stehlik
  Brandon M. Smith
  United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.